No. 8731.

BOAZ *v.* ORDER OF COMMERCIAL TRAVELERS OF AMERICA.

Decided October 8, 1917. Rehearing denied December 3, 1917.

Action by beneficiary named in a fraternal benefit society certificate to recover upon the death of the insured. Judgment for plaintiff was reversed by the court of appeals, which was reversed by the supreme court and the judgment of the district court,

*Affirmed.*

1. INSURANCE—*Fraternal Benefit Society Certificate—Waiver of Notice.* When the insurer says nothing of breach of the condition as to notice, and furnishes blanks for proof of death, etc., the claimant under a policy is entitled to infer that the question of payment is to be determined on its merits.

2.     *Insurance Policy—Construction.* Having indemnity for its object, a policy of insurance is to be construed liberally to that end, and for this reason conditions and provisos therein will be strictly construed against the insurer.

3. APPEAL AND ERROR—*Evidence.* In an action on a life insurance policy, evidence of waiver of notice is to be regarded in a light as favorable to plaintiff as is reasonable.

*Error to the Court of Appeals.*

Mr. CHARLES A. MURRAY, for plaintiff in error.

Mr. ARCHIBALD A. LEE, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE husband of plaintiff in error, at the time of his death on March 26, 1913, was a member of the defendant in error, a fraternal benefit society, under a certificate in the nature of an insurance policy, in which plaintiff in error was named as the beneficiary.

The by-laws of the order required notice of death to be given within ten days, but in this case the notice, mailed April 3, 1913, having been addressed to Chicago, instead of Columbus, Ohio, did not reach the office of the order until nineteen days after the death of Boaz.

The parties will be hereinafter designated as they stood in the trial court.

The defendant, on April 15, 1913, on request of the plaintiff, sent her blanks for making proof of death, and there was on said blanks the following indorsement:

"In sending this blank this order does not waive any provisions of the constitution, but expressly reserves the same."

It appears that said indorsement is in accordance with an express provision of the constitution that sending blanks or investigating a claim shall not constitute a waiver of any defense to such claim.

On April 25, 1913, proof of death was forwarded to the defendant and received and retained.

In the letter transmitting said proof, plaintiff requested that other blanks be forwarded if necessary.

On May 12, plaintiff, through her attorneys, wrote defendant stating that no reply had been received to the

letter sent with proof of death, and asking that plaintiff be advised of defendant's conclusions in the matter.

On July 7, defendant sent plaintiff another blank, and informed her that she might answer the questions propounded in the blank. Both letter and blank contained a statement that no rights were waived.

On July 14, plaintiff sent defendant the additional proof made in accordance with the second blank sent her, and requested that a copy of the application on which the certificate was issued be sent to her.

The copy was sent with a letter saying that it was sent "as an accommodation only."

July 25, plaintiff's attorneys wrote defendant calling attention to the fact that no indication had been given of an intention to settle the claim, in consequence of which they had been directed to take the steps necessary to collect it.

Three days later defendant wrote them that plaintiff had no right of action until the claim had been disallowed, and that undoubtedly it would be rejected.

Thereupon an action was begun on the certificate. Defendant in its answer alleged that the deceased had been intoxicated at and for some time prior to the date of his death, and, further, that he committed suicide, in either of which cases, there was no liability. It also alleged that notice of death was not given within the time required by the constitution of the order.

The replication denied the intoxication and suicide, and set out the sending of blanks, etc., as above recited, all without notice of objection on account of want of notice within the time, and alleged that the condition as to notice had been waived.

The plaintiff had judgment, and the case was brought up on error, and sent to the Court of Appeals. The judgment was there reversed, two of the judges dissenting, and one concurring specially. In his concurring opinion he stated that he recognized that this case comes under the rule laid down in *Insurance Co. v. Allis Company*, 11 Colo. App.

264, 53 Pac. 242, supporting the defense of waiver, but that his judgment did not approve that ruling.

It appears, therefore, that the reversal of the judgment according to the views of the majority of the judges, was contrary to the law as heretofore laid down by that court; yet the case mentioned was not overruled; indeed, there is no reference to it in the majority opinion.

If the reply of waiver is good, the reversal of the judgment was error.

The other defenses were determined by the verdict.

There is in the briefs an extended discussion of waiver by pleading other defenses than that of want of notice together with the latter defense.

We do not consider it necessary to determine that question in this case.

If there was a waiver in fact, it was by the conduct of the defendant before the suit was begun. We are to determine whether or not the acts relied upon as constituting a waiver do, in law, relieve the plaintiff of the contract duty to give the prescribed notice.

In *Hartford F. I. Co. v. Hammond,* 41 Colo. 323, 92 Pac. 686, this court quoted from *Hartford Ins. Co. v. Smith,* 3 Colo. 425, as follows:

"There must be a substantial compliance with the terms of the policy in furnishing the preliminary proofs before the assured is entitled to any indemnity in the case of loss, unless the company waived the defects in the proofs or waived the proofs altogether by putting a refusal to pay on other grounds;" and adds: "The refusal to pay in this case was not because of the absence of this statement or proof of loss, but because it was contended that the insured over-estimated the amount of his loss, and, having based the refusal upon grounds other than the absence of the preliminary proof, it is well settled that that objection was waived. *Atlantic Ins. Co. v. Manning,* 3 Colo. 224; *Lampkin v. Travelers Ins. Co.,* 11 Colo. App. 249; *Helvetia Ins. Co. v. Allis Co.,* 11 Colo. App. 264, and other authorities cited in cases herein referred to."

The same rule is laid down in *Cal. Ins. Co. v. Gracey,* 15 Colo. 70, 24 Pac. 577, 22 Am. St. Rep. 376, and it is approved and followed in the courts of other states.

It is urged, however, that in this case the rule has no application because of the reservations indorsed on the blanks, etc.    To this we cannot agree.

The doctrine of waiver is based upon the manifest injustice of permitting a party by his acts to mislead another, so that the latter is induced to assume the expense and labor of the trial of an issue tendered, and then be met with the plea that because of something done, or omitted to be done, of which the first party all the time had knowledge, such issue is wholly immaterial.

The rule requires that a party intending to rely upon want of notice should, in fairness, so state, and thus leave the other party to pursue such a course as he may deem fit under the circumstances.

When nothing is said of breach of the condition as to notice, and blanks are furnished for proof of death, etc., the claimant under a policy is entitled to infer that the question of payment is to be determined on its merits. Otherwise we must suppose that the insurer is permitting the claimant to incur expenses for that which is of no value.

The reservation that provisions in the constitution are not waived, is not notice that the insurer is acting in bad faith, in failing to state that it intends to defend on want of timely notice, though that may be only one of several defenses.

This reservation must be construed in connection with all the circumstances surrounding it.    If an inference of an intent to waive the presented notice may reasonably be drawn from the circumstances, including the indorsements on the blanks, that is sufficient.    A reservation in terms so general does not necessarily negative an intent as to one of the many provisions of the constitution to which it may possibly apply; and, if the reservation is in conflict with the acts of the party, it will properly be regarded as not showing an intent different from that evidenced by conduct.

The reservation in this case is general; the acts are specific; and they cannot be held to control.

In *Jennings v. Bro. Acc'd. Co.*, 44 Colo. 68, 96 Pac. 984, 18 L. R. A. (N. S.) 109, 130 Am. St. Rep. 109, we said:

"Having indemnity for its object, a policy of insurance is to be construed liberally to that end, and for this reason conditions and provisos therein will be strictly construed against the insurers, because their object is to limit the scope and defeat the purpose of the principal contract."

We see no reason why the same rule should not apply in determining what inferences should be drawn from the conduct of the defendant in this case.

The plaintiff is entitled to have the evidence of waiver regarded in a light as favorable to her as is reasonable. So considered,—or even without a liberal view of it,—it will sustain a finding of waiver of the defect in the notice.

That being so, the Court of Appeals erred in reversing the District Court. The judgment is therefore reversed, and the cause remanded to the District Court, whose judgment stands affirmed.

Chief Justice White dissenting. Mr. Justice Allen not participating.