## No. 15,456.

Bicknell et al. *v.* Vollmuth et al.

(147 P. [2d] 478)

Decided March 27, 1944.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for plaintiffs in error.

Mr. HOWARD ROEPNACK, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THE principals to this action in the trial court were Hazel and Edward Vollmuth, plaintiffs, and Frank P. and Pearl S. Bicknell, defendants, and, unless otherwise indicated, the appellations plaintiffs and defendants used herein are to be so understood. The litigants join in requesting that this cause be determined on supersedeas application, and we have elected so to dispose of it.

Plaintiffs own 31/80 of one share of the capital stock of Farmers' High Line Canal and Reservoir Company, with right of conveyance of water represented by that ownership through the Bright and Brown Lateral Ditch and Irrigation Company's canal. Plaintiffs and defendants own land to which this water is applicable, and plaintiffs in the late thirties granted defendants the right to use water represented by the above water right on the latter's land. Prior to the year 1940 arrangements in regard to the use of this water between plaintiffs and defendants appear to have been made orally. April 15, 1940, the plaintiff Hazel Vollmuth signed the following writing, evidencing defendant Pearl S. Bicknell's right to the use of the above water right:

"April 15th, 1940.

"To whom it may concern:

"For value received, I hereby assign and set over to Pearl S. Bicknell the use of all water accruing to me under my ownership of four (4) shares in the Bright and Brown Lateral Ditch and Irrigation Company.

"This assignment is to continue from the date above written until cancellation by me in writing.

Hazel Vollmuth.

Witness: Pearl S. Bicknell."

Sometime during the year 1940 defendant Frank P. Bicknell, husband of defendant Pearl S. Bicknell, changed the division box in the ditch carrying the water. The effect of this was to divert the water onto defendants' land and carry it away from plaintiffs' land.

In 1943 defendants leased land upon which this, and other, water was applicable, to a tenant to be used by the latter for the grazing of sheep. Plaintiffs leased their land to a tenant for the raising of crops, under the assumption that he would have the use of the water above mentioned. This tenant of plaintiffs testified that it was his recollection that in April 1943 he went to see about getting the water from Mr. Bicknell, who in the meantime had become secretary and one of the directors of the Bright and Brown Lateral Ditch and Irrigation Company. There is evidence that, as a result of this tenant's demand, Mrs. Bicknell called Mrs. Vollmuth on the phone and in that conversation agreed that plaintiffs' tenant should have the water. Nothing was said about being given notice in writing, and Mrs. Vollmuth's testimony in court indicates that at that time she had forgotten she had made any assignment in writing. In June, plaintiffs' tenant wrote that he was not getting the water. Mrs. Vollmuth thereupon saw defendant, Mrs. Bicknell, and her testimony is that Mrs. Bicknell again told her she could have the water. The tenant then wrote that Mr. Bicknell had refused to let him have the water and Mrs. Vollmuth found, upon interviewing Mr. Bicknell, that she could not have the water even though Mrs. Bicknell was willing that she should have it. Subsequently plaintiffs and the individual defendants (other than the Bicknells), who were made parties by virtue of their being under the same ditch, removed the division box and put in a new one in order to divert the

water from defendants' to plaintiffs' land. A few days later defendant, Frank Bicknell, removed plaintiffs' division box and reinstalled the division box that previously had been in use since 1940.

July 13, 1943, plaintiff, Mrs. Vollmuth, made formal written demand for the water and, failing to receive same, on July 26, 1943, plaintiffs brought this action seeking damages and injunctive relief against the defendants. Trial was to the Court who, from a preponderance of the evidence, found generally for the plaintiffs and against the defendants. The court further found that the plaintiffs were being denied the use of their water by the wrongful acts of defendants, Frank P. Bicknell and Pearl S. Bicknell, and that the acts of defendant Frank P. Bicknell in refusing plaintiffs the use of their water were ultra vires so far as they were purported to be done by him as an officer of the Bright and Brown Lateral Ditch and Irrigation Company. The trial court further found that the assignment from plaintiff, Hazel Vollmuth, to defendant, Pearl S. Bicknell, dated April 15, 1940, was no longer of any force or effect —the defendant, Pearl S. Bicknell, having waived written notice of cancellation therof by her acts as disclosed by the evidence. The court also held that plaintiffs had been damaged in the amount of $100, but refused to grant exemplary damages, and judgment was subsequently entered for $100 and costs in favor of plaintiffs. Defendant, Frank P. Bicknell, individually and as the agent of his wife Pearl S. Bicknell, and as an agent or officer of the Bright and Brown Lateral Ditch and Irrigation Company, was enjoined from interfering with the placing of a proper and appropriate water division box which was ordered by the court to be installed.

■ We have carefully examined the record and are of the opinion that, out of the conflicting testimony, there is sufficient evidence to support the findings and judgment of the trial court. Counsel for defendants seek reversal: First, on the ground that plaintiffs were guilty

of laches; second, that the Vollmuth-Bicknell contract was not properly terminated; and third, that the agreement was in effect a tenancy from year to year in the water and that a three months' notice of cancellation was requisite.

■ As we interpret the writing of April 15, 1940, there was no duty placed upon Mrs. Vollmuth to give advance notice of any intention to cancel, nor was there any specification as to the season of the year in which cancellation could be made. Such being the case, the charge of laches has no basis in the record.

■ Counsel for defendants also urge that the trial court was not justified in finding that defendant had waived written notice of cancellation, pointing out that defendant Pearl S. Bicknell's testimony was contradictory to Mrs. Vollmuth's in regard to the telephone conversation in April; but Mrs. Bicknell's testimony relative to that conversation and subsequent conversations, show that she never refused to surrender the water in question. Other testimony discloses that it was Mr. Bicknell who had finally refused to allow the water to be diverted again to plaintiffs' land. His refusal seems to have been based upon the fact that, as an officer of the Bright and Brown Lateral Ditch and Irrigation Company, he could not sanction the change until the directors of that company at a regular meeting had authorized it. If refusal to comply with a contract is based upon one ground, other grounds are waived. *Montelius v. Atherton,* 6 Colo. 224; *Boaz v. Order of Commercial Travelers of America,* 69 Colo. 44, 168 Pac. 1178; *Hartford Fire Ins. Co. v. Hammond,* 41 Colo. 323, 92 Pac. 686.

■ We do not agree with the third contention of counsel for defendants that the writing of April 15, 1940, is to be construed as a lease from year to year. It is our opinion that it is a permit or license; that even if it be classed as a tenancy, it rises no higher than a tenancy at will (Restatement of the Law–Property, §21)

and is subject to immediate termination by either party. 32 Am. Jur., p. 81, §66.

■ During the course of the trial plaintiffs tendered an amended complaint which included a request that attorneys' fees in the sum of $250 be assessed against defendants in addition to costs. The sole purpose of this amendment was to bring the action under the provisions of section 138, chapter 90, 1935 C.S.A., which reads as follows: "It shall be the duty of every such person, taking water from any ditch, canal, or reservoir, to be used for irrigation purposes, on finding that he is receiving more water from such ditch, canal or reservoir, either through his headgate, or by means of leaks, or by any means whatsoever, immediately to take steps to prevent his further receiving more water from such ditch, canal or reservoir, than he is entitled to, and if knowingly he permits such extra water to come upon his land, from such ditch, canal or reservoir, and does not immediately notify the owner or owners of such ditch, or take steps to prevent its further flowing upon his land, he shall be liable to any person, company or corporation, who may be injured by such extra appropriation of water, for the actual damage sustained by the party aggrieved; which damages shall be adjudged to be paid, together with the costs of suit, and a reasonable attorney's fee, to be fixed by the court and taxed with the costs. L. '87, p. 312, §2; R.S. '08, §3261; C.L. §1740."

The trial judge denied the application to file the amendment, being of the opinion that said section did not apply to the situation in this case. Plaintiffs have filed a cross specification of points on this ruling. Defendants attack the constitutionality of the section, and counsel for both sides discuss the point in their briefs— a point that we do not here consider because we likewise are of the opinion that the section of the statute quoted is not applicable to the facts here presented.

The judgment is affirmed.