No. 16,177.

McWILLIAMS *v.* BOLSTER ET AL.

(207 P. [2d] 822)

Decided June 20, 1949.

Mr. J. EMERY CHILTON, for plaintiff in error.

Mr. A. B. MATTSON, for defendants in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

HERMAN A. BOLSTER and Katherine N. Bolster brought separate actions against Robert McWilliams, alleging damages sustained by each as a result of an automobile accident. The actions were consolidated for trial before the court below without the intervention of a jury, at the conclusion of which, judgment was entered in favor of Herman A. Bolster in the sum of $335.42 and in favor of Katherine N. Bolster in the sum of $125, together with costs, to review which, McWilliams brings the cause here by writ of error.

We will herein refer to the parties as they appeared in the trial court, namely, as plaintiffs and defendant, or by name.

In the Herman A. Bolster complaint it is alleged that he was driving his automobile in an easterly direction on West Thirteenth Avenue, in Denver, Colorado, and turning north into Speer Boulevard; that defendant was driving his automobile in a southerly direction on Speer Boulevard, and, while he was so doing, negligently caused a collision with plaintiff's automobile, thereby damaging the same and depriving him of the use thereof, all to his damage in the sum of $500.

In the complaint of Katherine N. Bolster she alleges that while she was riding as a nonpaying passenger in an automobile owned and operated by Herman A. Bolster, as above set forth, defendant negligently drove his automobile into the one in which she was riding, resulting in personal injuries to her damage in the sum of $1,000.

Defendant in his answer and cross complaint to the Herman A. Bolster action, admitted the collision, but denied his negligence and plaintiff's alleged resultant damage. In his cross complaint he alleged that plaintiff Herman A. Bolster so carelessly and negligently operated his automobile as to cause the collision resulting in damage to defendant's automobile and depriving him of the use thereof, for which he sought judgment in the sum of $600.

Answering Katherine N. Bolster's complaint, defendant denied the allegations therein set out, and for a further answer alleged that the accident resulting in plaintiff's injuries was the result of the carelessness and negligence of Herman A. Bolster.

The evidence is conflicting. From the record it appears that the accident occurred at about 3:30 P. M., February 2, 1947, at the intersection of Speer Boulevard and West Thirteenth Avenue, in Denver, Colorado. Speer Boulevard is a through street, with a "Stop" sign at the West Thirteenth Avenue intersection. Herman A. Bolster was driving easterly on West Thirteenth Avenue, his wife Katherine being a passenger in the car with him, while defendant was driving southerly on Speer Boulevard.

According to the testimony of plaintiff Herman A. Bolster and one of his witnesses, he stopped at the intersection of West Thirteenth Avenue and Speer Boulevard and waited for all traffic on Speer Boulevard, both north and south bound, to pass. He then gave a proper signal for a left turn into Speer Boulevard and entered the intersection. When he had passed the center of the intersection his automobile was struck on the left side by the automobile driven by defendant, who had pulled out of the line of traffic on Speer Boulevard and was on the easterly side of the center line on said boulevard. Plaintiff testified that at the time defendant pulled out of the line of traffic there were four or five automobiles in front of him, and that he was then some forty odd feet from plaintiffs' automobile. An officer, called to the scene of the accident, testified that the right side of defendant's automobile was five feet east of the center line on Speer Boulevard, and his examination at the scene of the accident disclosed skid marks made by defendant's automobile which were plainly visible for forty-three feet.

At the conclusion of plaintiff's evidence defendant moved for a nonsuit, which motion was denied.

Defendant and his witnesses testified that he was driving southerly on Speer Boulevard, with another automobile immediately on his right, which turned westerly on West Thirteenth Avenue, and in so doing scraped the right side of defendant's automobile, causing it to swerve slightly to the left. There were no automobiles ahead of him at the time he reached the intersection at West Thirteenth Avenue when plaintiff Herman A. Bolster drove his automobile in front of that of defendant, and by this carelessness and negligence occasioned defendant's damage in the sum of $600, for which he sought judgment on his cross complaint as hereinbefore stated.

Defendant specifies four points upon which he relies for a reversal, which his counsel summarizes as follows: "Our whole contention in this case is that defendant in error [Herman A. Bolster] was guilty of contributory negligence, and that the Court abused its discretion in failing to find that the defendant in error was guilty of contributory negligence."

There was, as we have said, a direct conflict in the evidence. Under applicable Denver ordinances, which were read into the record, the court determined as a matter of fact that plaintiff Herman A. Bolster had the right of way at the intersection; that defendant violated the right of way ordinance, and by so doing occasioned the collision. The court entered judgments in favor of plaintiffs and necessarily determined from conflicting evidence that plaintiff Herman A. Bolster was not guilty of contributory negligence and that defendant's negligence proximately caused the damages alleged to have been sustained by plaintiffs for which the court's judgments were entered.

The record discloses competent and relevant evidence supporting the trial court's judgments, and, in consonance with our oft repeated decisions, they will not be

disturbed. We deem citation of authorities to be wholly unnecessary.

The judgments are affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HAYS concur.