No. 18,502.

CAROLE JEAN GABE *v.* SAM FORBES, AS FORBES AUCTION SERVICE.

(348 P. [2d] 377)

Decided January 18, 1960.

Mr. LANSFORD F. BUTLER, Mr. GEORGE F. BARBARY, for plaintiff in error.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties appear here in the same order they appeared in the trial court, and we will refer to them as plaintiff and defendant.

Plaintiff's complaint was one for damages allegedly incurred by her when thrown from a horse owned by defendant. The complaint recited that plaintiff and her younger sister, Ida McCleery, went to defendant's establishment to purchase a horse; that plaintiff mounted the horse preliminary to their determination concerning its purchase; that defendant's agents warranted the animal to be a suitable one for Ida McCleery, and that defendant knew or should have known that the horse was fractious and dangerous. That plaintiff was thrown from the horse and injured.

Defendant by answer denied the allegations of negligence and warranty, and further alleged that plaintiff's own negligence caused her injuries and that she assumed the risk involved in riding the horse.

Trial was to the court and findings of fact and conclusions of law were entered in favor of defendant and judgment dismissing the action entered. Plaintiff brings the case here on writ of error.

Suffice it to say that the testimony offered by the several witnesses was in irreconcilable conflict, there being as many versions of what transpired as the number of persons testifying.

The trial court, among other things, found: "The defendant was not negligent in his conduct concerning said

horse, nor did he warrant the horse in any manner. It wasn't shown that the defendant had any knowledge of the dangerous propensities of this animal, if any dangerous propensities the animal had, or if the injuries resulted from the dangerous propensities of the horse."

The defendant had possession of the horse only three or four days prior to the accident. The testimony in the record is abundant that the animal had been tried out without incident during the brief period of defendant's ownership. Several witnesses testified that the horse was gentle, and there was evidence that it had been "raised by a child" and was so gentle that it followed persons around in the corral and appeared as a horse "you would see pulling a milk truck."

The trial court found that there was no express or implied warranty on the part of defendant concerning the tractability of the horse. There was ample competent evidence to support this finding. One witness for defendant testified that plaintiff and her sister insisted on seeing the animal and as soon as it was brought out plaintiff went over and took the reins away from the man leading it. "She hadn't more than gotten on the horse till she tried to kick its ribs loose, and the only way she used the reins whatsoever was as a whip. The horse made a turn and started north, possibly went out, I'd say the best I could tell, about 50, 60 feet. The horse never did buck. All she done was to stop or make a turn" and plaintiff fell. "I remember Frank Parker [defendant's employer] hollered at her, telling her to turn the horse loose." The same witness then testified that following the fall of plaintiff the horse walked away and began eating grass.

We repeat what we said in *Reilly v. Korholz,* 137 Colo. 20, 320 P. (2d) 756: "At the risk of appearing dreary and trite, we reiterate our uniform pronouncement that findings of fact made by the trier of facts, court or jury, will not be disturbed if supported by

credible testimony." See, also, *McWilliams v. Bolster,* 120 Colo. 196, 207 P. (2d) 822.

Finding no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE HALL not participating.