No. 20319.

BILLY DAVIS *v.* NEAL E. ROBERTS.
(395 P.2d 13)

Decided August 31, 1964.

388

Messrs. Wood, Ris & Hames, for plaintiff in error.

Messrs. Burnett, Watson & Horan, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

This action for damages by plaintiff in error Davis, who incurred injuries when a horse rolled over on him, was resolved by a jury in favor of defendant in error Roberts. The parties were aligned in the trial court, as here, and we will refer to them as they there appeared.

Plaintiff filed a motion for a new trial, which was denied. The grounds asserted therein are the same as urged here for reversal of the judgment. They are: 1. That the court erred in refusing to compel defendant and his counsel to reveal the name of the insurance company by whom defendant was insured; 2. that the jury verdict was contrary to the evidence and that the jury failed to follow the instructions of the trial court and returned a verdict contrary thereto. We take up the points in the order named.

1. *The Request for the Name of the Insurance Company.*

Plaintiff had not at any time, through discovery proceedings, interrogatories, depositions or pretrial conference, attempted to find out the name of the company indemnifying defendant in this litigation. On the day

of the trial counsel for plaintiff asked for a conference in the Judge's chambers just before the convening of the court, and there in the presence of the Judge made a request for the name of the company. After discussion, which was not recorded and does not appear in the transcript, the court denied the request.

There are a number of cases dealing with the right of counsel to ask prospective jurors if they are employed by, have policies under, are stockholders of or have an interest in a specific insurance company. *Independence Coffee & Spice Co. v. Kalkman,* 61 Colo. 98, 156 Pac. 135; *Rains v. Rains,* 97 Colo. 19, 46 P.2d 740; *Johns v. Shinall,* 103 Colo. 381, 86 P.2d 605; *Edwards v. Quackenbush,* 112 Colo. 337, 149 P.2d 809; *Lucas v. District Court,* 140 Colo. 510, 345 P.2d 1064. However, none of these cases is quite in point.

Usually the court permits the question to be asked with reference to a specific company. In this case, however, the court permitted plaintiff to ask a general question as to whether any juror was interested in any manner in any insurance company, and specifically by the insurance company with whom defendant had been associated as a salesman. If any of the jurors had indicated any interest in or association with an insurance company, it is assumed that the counsel for plaintiff could have requested the court to pursue the matter further as to the specific company. However no showing has been made that any juror selected indicated any connection with an insurance company, and there is no contention that the trial of the case was affected just because plaintiff was not able to ask a question concerning a specific company. It also appears that the plaintiff's counsel actually knew the name of the company involved but was not sure as to the exact legal name under which it was incorporated or licensed to do business.

2. *Whether the Verdict is Contrary to the Evidence and the Law as Given in the Instructions.*

■ In the summary of the argument these were presented under separate headings, but they are so closely related that we treat them together.

Plaintiff argues that proof of defendant's knowledge that the horse was not able to be ridden and was probably dangerous makes defendant absolutely liable. The facts in this case do not warrant holding defendant's liability to be absolute as a matter of law. The question of the extent of the defendant's knowledge concerning the dangerous propensities of the animal, whether defendant warned plaintiff and communicated all he knew about the horse, and whether plaintiff assumed the risk in getting on the horse after being told about it, were all properly submitted to the jury as revealed by the factual situation, much of it not in dispute.

Defendant had purchased the animal about two weeks prior to the accident for use as a brood mare. He knew she hadn't been ridden for over two years, but he wasn't interested in the animal as a saddle horse. When he couldn't get registration papers on the mare he decided to sell her because she was of no value for breeding purposes.

Defendant and plaintiff had been employed at the same place, were acquainted with each other, and each owned other horses. Thus plaintiff, when advised of the horse being for sale, went to defendant's home. Defendant testified he told plaintiff the horse was "barn sour" and he also informed plaintiff she "hicked up" and he "was afraid she might go over backwards. * * * that's what I thought might happen; that I didn't know."

Plaintiff wanted to ride the horse. He testified he was on the horse about 10 or 15 minutes but only went about 50 yards because the horse would just move a little way and then stand. While the plaintiff was sitting on the mare she fell down on her back and rolled over, pinning plaintiff underneath her and causing him injury.

Plaintiff agreed that the defendant had told him the horse had not been ridden for a couple of years, that

he had only ridden her once, that she "hicked up" a little bit, and that she was "barn sour." In fact, the only dispute in the testimony given by plaintiff and defendant was whether defendant also told him that she *might* roll over backwards. There is no claim that defendant *knew* the horse would do so.

Liability in a case of this kind is based on defendant's knowledge and opportunity for obtaining knowledge concerning the vicious propensities of the animal and his failure to warn plaintiff. These facts not only were to be considered by the jury on the question of defendant's negligence but also had a bearing on whether plaintiff assumed the risk of injury when he mounted the horse after the information that defendant gave him. *Swerdfeger v. Krueger,* 145 Colo. 180, 358 P.2d 479.

█ The jury was instructed on contributory negligence and given an instruction on assumption of risk as follows:

"You are instructed that if you find and believe from a preponderance of the evidence that the defendant Neal Roberts told the plaintiff Billy Davis all that he knew about the sorrell mare before the plaintiff got on the mare, and that the plaintiff, thereafter, knowingly and voluntarily assumed the hazards and risks of riding the mare, you shall return a verdict in favor of the defendant, for in that event the plaintiff is not entitled to recover damages."

No objection was made to this instruction. It did state the law of the case. So there is no merit in the contention that the verdict was contrary to the law. The jury verdict is proper under the theory of no negligence on the part of the defendant or assumption of risk by the plaintiff who, as a horse owner, had some knowledge of the dangers involved when he decided to ride her.

█ In *Gabe v. Forbes,* 141 Colo. 419, 348 P.2d 377, a similar case involving a horse, the court quoted from *Reilly v. Korholz,* 137 Colo. 20, 320 P.2d 756:

"At the risk of appearing dreary and trite, we reiter-

ate our uniform pronouncement that findings of fact made by the trier of facts, court or jury, will not be disturbed if supported by credible testimony."

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE FRANTZ concur.