Elvinio **SANDOVAL** and Lucille **Sandoval**, and as next friends of David **Sandoval**, a minor, Plaintiffs–Appellants,

v.

Frances **BIRX** and Robert **Birx**, Defendants–Appellees.

No. 86CA1536.

Colorado Court of Appeals, Div. I.

Aug. 18, 1988.

Rehearing Denied Sept. 15, 1988.

Certiorari Denied Jan. 9, 1989.

Scott & Barrera, P.C., Daniel P. Barrera, Michael F. Scott, Denver, for plaintiffs-appellants.

Burg & Aspinwall, P.C., Peter W. Burg, Scott J. Eldredge, Denver, for defendants-appellees.

TURSI, Judge.

In this action for damages sought on behalf of plaintiff David Sandoval, judgment was entered on a jury verdict for defendants, and plaintiffs appeal. We reverse.

David, a thirteen-year-old, was an invited guest in defendants' home. Because of David's unease, defendants' son John restrained their dog while David ran into John's room. Although David never verbalized his fear of dogs to the defendants, he did nothing to provoke the dog. John obtained some pepperoni sticks and opened the door to hand one to David. At that time, the dog jumped into the room and bit David about the face and leg.

## I

Plaintiffs contend that the trial court erred when it did not allow an animal control officer to testify as to his opinion regarding the dog's disposition based upon his observation of the dog during the month immediately following the incident. We agree.

The trial court excluded the officer's testimony because, though endorsed as a witness, he had not been endorsed as an expert. However, we conclude that the officer's proffered testimony was admissible as lay opinion. CRE 701 allows a lay witness to testify to opinions or inferences which are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

The officer had observed the dog's behavior on a daily basis for close to a month following the incident, and thus, he was competent to opine whether the dog had vicious or dangerous tendencies. *See Barger v. Jimerson*, 130 Colo. 459, 276 P.2d 744 (1954).

Generally, reversal of a judgment may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected. CRE 103(a). Here, there was conflicting evidence regarding whether the dog had vicious tendencies; therefore, the probative value of the officer's opinion was substantial. Hence, we conclude the trial court's determination that this testimony was admissible only if given by an expert constitutes reversible error. *See People v. Gallegos*, 644 P.2d 920 (Colo.1982).

Because we are remanding the cause for new trial, we address plaintiffs' other contentions which may arise on retrial.

## II

Plaintiffs contend that the trial court erred in failing to grant their motion for judgment notwithstanding the verdict. We disagree.

The case was submitted to the jury on a claim of negligence. In order to prove the owner of a domestic animal is negligent, a plaintiff must show: (1) that the animal had vicious or dangerous tendencies; (2) that the owner had knowledge or notice thereof; and (3) that the owner did not exercise reasonable care to prevent injuries reasonably anticipated to result from such tendencies. *DuBois v. Myers*, 684 P.2d 940 (Colo.App.1984); *CJI–Civ.2d* 13:1 (1980). The extent of the defendants' knowledge concerning the vicious propensities of a domestic animal is a question of fact for the jury to determine. *Davis v. Roberts*, 155 Colo. 387, 395 P.2d 13 (1964).

While it was undisputed that the dog had bitten children on two prior occasions, the evidence was conflicting with respect to the severity of the injuries and whether the circumstances of their occurrence were such as would put the defendants on notice that the dog had dangerous tendencies. Therefore, issues of fact were presented, and, since reasonable jurors could have arrived at the verdict reached, entry of a judgment notwithstanding the verdict would not have been proper. *See Smith v. City & County of Denver*, 726 P.2d 1125 (Colo.1986).

## III

Plaintiffs also assert the trial court erred in instructing the jurors on the theory of contributory negligence. We agree.

An instruction should not be given to the jury unless there is evidence introduced to support that instruction. *Converse v. Zinke*, 635 P.2d 882 (Colo.1981).

The only evidence pertaining to contributory negligence was the testimony of plaintiff David Sandoval that he was afraid of dogs, that he failed to verbalize this fear to the defendants or their son, and that he allowed their son to hand him a pepperoni stick through a partially open door when he knew the dog was on the other side. We hold as a matter of law that this testimony, standing alone, is insufficient to raise a question of contributory negligence for the jury to determine. *See Roberts v. Fisher*, 169 Colo. 288, 455 P.2d 871 (1969); *Camacho v. Mennonite Board of Missions*, 703 P.2d 598 (Colo.App.1985).

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and PLANK, JJ., concur.