Donna J. **PEIFFER**, Plaintiff–Appellee,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation,** Defendant–Appellant.

Nos. 94CA1545, 95CA0278.

Colorado Court of Appeals, Div. I.

Sept. 5, 1996.

Rehearing Denied Nov. 21, 1996.

Certiorari Granted July 28, 1997.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Purvis, Gray, Schuetze & Gordon, John A. Purvis, Boulder, for Plaintiff–Appellee.

Creamer and Seaman, P.C., Thomas J. Seaman, Gregory R. Giometti, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

In this action for breach of contract and bad faith breach of an insurance policy, defendant, State Farm Automobile Insurance Company, appeals the judgment entered on a jury verdict in favor of plaintiff, Donna J. Peiffer. We reverse and remand for a new trial.

In December 1990, while stopped at a crosswalk, the vehicle plaintiff was driving was struck from behind. Later, plaintiff claimed to experience a number of symptoms, including headaches, neck pain, and back pain, which she attributed to the accident. State Farm, plaintiff's insurer, paid $46,525.01 for various treatments and therapies, $15,573.30 for wage loss, and $1,406 for services.

In December 1992, after a series of independent medical examinations (IMEs) were performed at State Farm's behest, it advised plaintiff by letter that it would no longer pay for any of her treatment except pool therapy.

Thereafter, plaintiff brought this action. After trial, the jury awarded her $10,000 on her bad faith claim and $10,068 on her breach of contract claim. Later, the trial court awarded plaintiff costs and attorney fees and denied State Farm's motion for a new trial.

## I.

State Farm first contends that the trial court erred in excluding testimony from four of its experts on the basis that their testimony was irrelevant. We agree.

Evidence is relevant if it has any tendency to make the existence of a fact in issue more or less probable than it would have been without the evidence. CRE 401; *Arnold v.*

*Colorado State Hospital,* 910 P.2d 104 (Colo. App.1995).

For a plaintiff to prevail on a claim of first-party bad faith breach of an insurance contract, he or she must prove that the insurer's conduct was unreasonable and that the insurer acted with knowledge or reckless disregard of its unreasonableness. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo. 1985); *Bucholtz v. Safeco Insurance Co.,* 773 P.2d 590 (Colo.App.1988).

An insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision. *Aetna Life Insurance Co. v. Lavoie,* 505 So.2d 1050 (Ala.1987); *Buzzard v. Farmers Insurance Co.,* 824 P.2d 1105 (Okla.1991); *see also Varnadore v. Nationwide Mutual Insurance Co.,* 289 S.C. 155, 345 S.E.2d 711 (1986); *see generally* W. Shernoff, S. Gage & H. Levine, *Insurance Bad Faith Litigation* § 5.03[3] (1992).

Similarly, when a party to a contract has refused to comply with the contract on a particular basis, any other possible basis for refusal is waived. *See Colard v. American Family Mutual Insurance Co.,* 709 P.2d 11 (Colo.App.1985); *see also Metropolitan Paving Co. v. City of Aurora,* 449 F.2d 177 (10th Cir.1971); *Bicknell v. Vollmuth,* 112 Colo. 207, 147 P.2d 478 (1944); *Federal Life Insurance Co. v. Wells,* 98 Colo. 455, 56 P.2d 936 (1936).

Here, State Farm had required plaintiff to undergo several IMEs to determine the nature and extent of her injuries and the likely duration of treatment needed to heal them. Several of the specialists who performed these IMEs reported that they did not find any "objective" indication of injury and had found nothing that would explain the range of symptoms plaintiff claimed to have experienced.

At trial, State Farm sought to admit the testimony of several of these medical and psychological experts. The trial court permitted testimony from the two experts who were named specifically in State Farm's letter denying further benefits; however, it excluded as irrelevant the testimony of a neuropsychologist who had examined plaintiff's medical and psychological records after the litigation had begun and the testimony of the three specialists who had performed IMEs on plaintiff before the benefits were denied.

### A.

State Farm asserts that, because the opinions of the three specialists who performed IMEs were available to it at the time it sent its denial letter to plaintiff, the testimony of these witnesses was relevant to the reasonableness of the denial. We agree.

Plaintiff has cited no authority, and we have found none, to support her assertion that an insurance company has waived the right to present testimony from an expert witness unless that witness is specifically mentioned in a denial letter.

The record shows that the opinions of these witnesses were known to State Farm at the time it sent the denial letter and were generally consistent with the basis for the denial of further benefits. Thus, their testimony was relevant to both the breach of contract and bad faith claims.

Plaintiff argues that, because the experts' written reports were admitted, State Farm was not prejudiced by the exclusion of live testimony. In our view, under the facts and circumstances here, the written reports were not adequate substitutes for live testimony.

Since the exclusion of this testimony prevented State Farm from presenting relevant evidence to support its theory regarding highly controverted issues of fact, we cannot view this error as harmless. *See* CRE 103(a); *see also Sandoval v. Birx,* 767 P.2d 759 (Colo.App.1988). Accordingly, the judgment cannot stand and a new trial is required.

### B.

The neuropsychologist's opinion supported the defense theory that plaintiff was not suffering from any brain injury and that continued psychotherapy was not warranted. This theory was part of State Farm's justifi-

cation when it sent its denial letter in December 1992.

Thus, since this testimony supported the defense theory and rebutted contrary evidence offered by plaintiff, it was directly relevant and the trial court's ruling excluding it constituted error.

## II.

Among issues that may arise on retrial is State Farm's contention that the trial court abused its discretion by allowing an expert witness to express his opinion that it had violated several provisions of the Unfair Claims Settlement Practices Act (UCSPA), § 10–3–1104(1)(h), C.R.S. (1994 Repl.Vol. 4A), et seq. Under the circumstances of this case, we disagree.

■ In determining whether an insurer's delay in paying benefits or its denial of benefits was reasonable, the jury may consider evidence that the insurer's conduct violated the UCSPA. Section 10–3–1113(4), C.R.S. (1994 Repl.Vol. 4A).

■ The trial court has broad discretion to determine whether to admit expert testimony. Unless it abuses that discretion, we will not disturb its determination on review. *Grogan v. Taylor,* 877 P.2d 1374 (Colo.App. 1993), *rev'd on other grounds,* 900 P.2d 60 (Colo.1995).

Under CRE 704: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

■ The determination whether an expert's opinion on a mixed question of law and fact is admissible must be answered based on an analysis of CRE 704 read in conjunction with several interrelated evidentiary rules. Specifically, the proffered testimony must be relevant and helpful to the jury and its probative value must outweigh the risks of undue prejudice, confusion, or waste of time. *Hines v. Denver & Rio Grande Western R.R. Co.,* 829 P.2d 419 (Colo.App.1991).

■ Here, plaintiff's witness, an expert in insurance claims practice with 22 years of insurance industry experience, opined that State Farm had violated several provisions of the UCSPA when it denied plaintiff's claim. The witness testified to the facts of State Farm's conduct in light of the provisions of the UCSPA and applicable insurance industry standards.

The testimony was relevant insofar as it concerned plaintiff's contention that State Farm's conduct constituted bad faith based on the purported violations of the UCSPA. *See* §§ 10–3–1113(4) and 10–3–1104(1)(h). It was helpful insofar as it served to explain complex issues of insurance company claims management practices. *See* CRE 702; *see also Zuchel v. City & County of Denver,* 997 F.2d 730 (10th Cir.1993). Finally, since the testimony related to a subject that the jury was expressly permitted to consider, and the witness did not testify to matters beyond this subject, any prejudice associated with this testimony did not substantially outweigh its probative value. *See* CRE 403.

■ Thus, while we agree with State Farm that an expert witness should not dictate the law that the jury should apply, an expert witness is permitted, in the trial court's discretion, to refer to the facts of the case in legal terms. Here, because the expert's testimony discussed the facts, his mention of legal standards and terms was admissible.

Under these circumstances, we perceive no abuse of discretion in allowing the testimony in this case. *See Hines v. Denver & Rio Grande Western R.R., supra.*

## III.

State Farm also asserts that the trial court erred in giving a "thin skull plaintiff" instruction. We disagree.

■ Under generally applicable tort principles, a tortfeasor must accept the victim as the victim is found. Thus, under the "thin skull" doctrine, a defendant may not seek to reduce the amount of compensation owed to a plaintiff by calling attention to the plaintiff's mental or physical frailties at the time of the injury. And, a "thin skull plaintiff" instruction is appropriately given when the defendant seeks to avoid liability by as-

serting that the victim's injuries would have been less severe but for the victim's fragile mental and physical condition. *Schafer v. Hoffman*, 831 P.2d 897 (Colo.1992).

■ Likewise, in the context of no-fault insurance, an insurer must take an insured as found. The fact that the insured may have a condition that renders him or her more susceptible to injury does not affect the duty of the insurer to provide compensation under the terms of the policy and the No–Fault Act.

■ Here, counsel for State Farm cross-examined plaintiff about her prior neck and back problems and her previous treatment by a chiropractor. Specifically, defense counsel asked plaintiff why she had failed to disclose this information to her treating and examining physicians after the accident.

State Farm asserts here, as it did at trial, that these questions were asked solely for the purpose of casting doubt on plaintiff's credibility and were not intended to "spotlight" plaintiff's mental or physical frailties. However, nothing in the record indicates that defense counsel tendered an instruction which would have limited the jurors' consideration of this evidence to the issue of plaintiff's credibility.

Accordingly, the trial court did not err in giving the instruction.

■ We do not agree with State Farm that, under the facts at issue here, a "thin skull" instruction is not applicable to a breach of contract claim. Because this instruction relates to the issue of causation, it was appropriate to give it for both the tort and the contract claims. Hence, under a similar evidentiary posture, such instruction may again be given on retrial.

### IV.

■ State Farm finally contends that the trial court abused its discretion in excluding as irrelevant and unfairly prejudicial evidence of the amounts plaintiff had received from a liability settlement with the driver of

the other vehicle in the accident, from State Farm in payment of her wage loss claim, and from the Social Security Administration for disability benefits. We agree.

The trial court's ruling excluding the evidence was based on its determination that the proffered evidence was irrelevant. Although such rulings are generally within the sound discretion of the trial court, *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985), we conclude that the ruling here constituted an abuse of discretion.

Plaintiff presented evidence from her treating neuropsychologist that she suffered substantial emotional distress because of her financial inability to pay medical bills. This emotional distress was a component of plaintiff's bad faith claim. The amounts paid to plaintiff had a direct bearing on the reasonableness of this testimony and claim. Thus, on retrial, evidence of the amounts paid to plaintiff should be admitted.

In light of this disposition, we need not address State Farm's other contentions of error.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

CRISWELL and ERICKSON*, JJ., concur.