**F I L E D**

## UNITED STATES COURT OF APPEALS

**FEB 24 2000**

## TENTH CIRCUIT

MARIANN T. WOLFE, individually
and as next friend of Tyerell J. Wolfe
and Mikayla M. Wolfe,

      Plaintiff-Appellee -
Cross-Appellant,

v.

USAA LIFE INSURANCE
COMPANY,

      Defendant-Appellant -
Cross-Appellee.

No. 98-1140
98-1160
(D.C. No. 96-D-640)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and
**KELLY,** Circuit Judge.

Mariann Wolfe brought this action individually and on behalf of her minor

children against USAA Life Insurance Company (USAA) asserting claims for

breach of contract, bad faith, and outrageous conduct after USAA rescinded an

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

insurance contract issued to Mrs. Wolfe's late husband. The district court dismissed the children's claims during trial. The jury found for USAA on the tort claims of bad faith refusal to pay and outrageous conduct, but returned a verdict for Mrs. Wolfe on the contract claim and awarded her contract damages in the policy amount of $360,000 and consequential damages of $65,000. Both parties appeal. We affirm.

**I**

Mr. Wolfe applied for a life insurance policy with USAA in 1993 and responded "No" to questions asking whether he had ever been treated for alcoholism, and whether, within the last five years, he had consulted a physician or mental health advisor for any other reason or had been a patient in a hospital, clinic or other medical facility. Within two years of issuance of the policy, Mr. Wolfe died of a brain tumor. Because the death occurred within the policy's two-year contestability period, USAA began an investigation and ultimately refused to honor the policy on the grounds that Mr. Wolfe had made misrepresentations concerning his use of alcohol, and that absent those misrepresentations the policy would not have been issued.[1]

---

[1] During the two year period after the issuance of the policy, the so-called contestability period, the company may investigate the information given in the application, and rescind the policy upon determining that material

At trial, Mrs. Wolfe presented evidence that she had previously been involved in two abusive relationships aggravated by her partners' abuse of alcohol, and that as a result she was extremely concerned about and sensitive to Mr. Wolfe's occasional use of alcohol. Her evidence also showed that she was a very assertive person and that her husband, on the other hand, was easy-going and went along with her wishes. She testified that she forbade him to drink any alcohol in the home, and that when she had trouble making him understand her attitude, she demanded that he attend the ARK, a retreat staffed by substance abuse counselors, to address what she perceived to be a problem. Mrs. Wolfe put on evidence that the ARK was not a hospital, clinic or medical facility, and that it was not staffed by physicians. Mrs. Wolfe also insisted that her husband visit her doctor and be given a prescription for Antabuse. When Mr. Wolfe began to exhibit symptoms related to the brain tumor that took his life, Mrs. Wolfe mistook them for signs that he was secretly drinking. When Mr. Wolfe's medical history was taken prior to surgery to treat the tumor, she answered most of the physician's questions and again mentioned what she perceived to be his drinking problem. The evidence also showed, however, that Mr. Wolfe worked the early shift in a demanding job, that he was an excellent and reliable worker, that his family, coworkers and supervisors had never observed any indication that Mr.

---

misrepresentations were made.

-3-

Wolfe had a drinking problem, and that he displayed none of the medical conditions associated with alcohol abuse. Finally, Mrs. Wolfe presented expert testimony that USAA would have issued the policy even if it had known the information it claimed Mr. Wolfe had not disclosed, and USAA stipulated to the fact that it had issued policies to applicants who revealed a history of alcohol abuse.

## II

On appeal, USAA raises several related arguments concerning the district court's treatment of the state law principle that to establish the affirmative defense of rescission, an insurer need not show a causal connection between a misrepresentation in a life insurance application and the insured's cause of death. USAA first contends the court erred in refusing to instruct the jury that a misrepresentation in an insurance application need not have a causal connection to or even be related to the actual cause of death.

> In reviewing a challenge to a jury instruction, we consider the instructions given as a whole. We must determine whether the instructions state the law which governs and provided the jury with an ample understanding of the issues and the standards applicable. We therefore consider all that the jury heard and, from the standpoint of the jury, decide not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had an understanding of the issues and its duty to determine those issues. An error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial

-4-

*after reviewing the record as a whole*.

*Brown v. Wal-Mart Stores, Inc.*, 11 F.3d 1559, 1564 (10th Cir. 1993) (citations, brackets, and internal quotations omitted) (emphasis added).

As the above quotation makes clear, this court has long held that when reviewing a jury charge to determine its propriety, the court must consider all the jury heard and then view the charge from the jury's prospective. *See King v. Unocal Corp.*, 58 F.3d 586, 587 (10th Cir. 1995). USAA has not included the entire trial transcript, providing instead snippets of testimony and of the colloquies on jury instructions. "The appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal," 10TH CIR. R. 10.1(A)(1), and the record must be "sufficient for considering and deciding the appellate issues," 10TH CIR. R. 10.3(A). "The court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10TH CIR. R. 10.3(B). As in *King*, USAA has failed to provide a transcript detailing all the evidence at trial on which the district court relied in fashioning appropriate instructions. Absent that record, we cannot evaluate the correctness of those instructions. *See King*, 58 F.3d at 587-88.

Moreover, the record we do have supports the conclusion that the jury was

properly instructed.  In particular, we note that the instructions given on USAA's affirmative defense of rescission for material misrepresentation track virtually verbatim the governing law set out by the Colorado Supreme Court in *Wade v. Olinger Life Ins. Co.*, 560 P.2d 446, 452 (Colo. 1977), and *Hollinger v. Mutual Benefit Life Ins. Co.*, 560 P.2d 824, 827 (Colo. 1977) (Erickson, J., specially concurring, joined by Hodges, Groves, Lee, and Carrigan, JJ.).  Absent the entire trial transcript, we cannot review USAA's claim that the evidence at trial rendered these otherwise proper instructions misleading.[2]

In a related argument, USAA contends the district court erred by allowing Mrs. Wolfe to present to the jury a stipulation made by USAA that it knew of no causal connection between the use of alcohol by Mr. Wolfe and his death from a brain tumor.  USAA argues that although the stipulation was factually correct, it was irrelevant and prejudicial.  Mrs. Wolfe responds that the stipulation is relevant because by eliminating any link between alcohol and the brain tumor, it helped prevent the jury from inferring that Mr. Wolfe had a drinking problem which led to the development of the tumor.

---

[2] Although USAA has provided us excerpts from the transcript containing the testimony it contends required the trial court to give its proposed instruction, the effect of this testimony cannot be evaluated in a vacuum.  Its impact must be considered in the context of the entire trial.  Nothing in the truncated record before us persuades us that the instructions given did not adequately guide the jury on the elements of rescission.

"The decision to admit or exclude evidence is within the sound discretion of the district court, and, on appeal, reviewable only for an abuse of discretion." *Boren v. Sable*, 887 F.2d 1032, 1033 (10th Cir. 1989). "'[Abuse of discretion] is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of impartiality, prejudice, bias or ill-will as shown by evidence or the record of proceedings.'" *Id.* (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)). When evaluating a claim that reversal is required on the basis of the erroneous admission of irrelevant and prejudicial evidence, we must evaluate the impact of that evidence in light of the entire trial transcript. *See id.* at 1034. Here, as with the allegation of error with respect to the jury instructions, our review is precluded by USAA's failure to include the entire trial transcript in the record on appeal.

Finally, USAA contends the court's instruction on the materiality element of the rescission defense misstated the substantive law. We reject this argument out of hand. The portion of the instruction to which USAA objects is drawn virtually verbatim from the concurring opinion in *Hollinger*, a concurrence joined by a majority of the Colorado Supreme Court. *See Hollinger*, 560 P.2d at 827. USAA's claim that the instruction misstated the law is therefore simply wrong.

Next we address USAA's claim that the district court erred in denying

USAA's motion for summary judgment on the children's claims, and that it was prejudiced by evidence admitted at trial prior to the dismissal of those claims relating to the children's emotional distress and other damages. USAA further claims this prejudice was aggravated by the court's refusal to give an instruction to the jury to disregard any evidence as to the damages incurred by the children.

Although USAA characterizes the denial of its summary judgment motion as presenting only a legal issue, in denying that motion the district court characterized the motion as raising a fact-driven issue which the court was unable to rule upon on summary judgment. Under these circumstances, the denial of the motion itself is not reviewable upon appeal. *See Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1250-51 (10th Cir. 1992).

The real nub of USAA's argument is its claim that it was prejudiced by the testimony pertaining to the children's emotional distress and by the district court's failure to give USAA's requested curative instruction. The court did, however, instruct the jury that the children's claims had been dismissed, and further cautioned the jury against the influence of sympathy or prejudice. "We presume that juries follow the court's instructions." *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1456 (10th Cir. 1997). As Mrs. Wolfe points out, the presumption that the jury followed the court's admonition to reject sympathy and prejudice is bolstered here by the jury's rejection of Mrs. Wolfe's tort claims,

the claims to which the alleged prejudicial evidence was relevant. Accordingly, we find no reversible error.

Finally, USAA contends the district court erred in failing to instruct the jury on consequential damages, and that the award of such damages here was without legal or evidentiary support. USAA did not request an instruction on consequential damages, or object to the verdict form allowing the award of such damages, or otherwise draw the issue to the attention of the trial court. We therefore review only for plain error. *See Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1190-91 (10th Cir. 1997).

"Under Colorado law, the test for consequential damages for breach of contract is essentially one of foreseeability." *Duffield v. First Interstate Bank*, 13 F.3d 1403, 1406 (10th Cir. 1993). Mental suffering is recoverable as an element of contract damages without proof of willful or wanton conduct "where the contract is of such a personal and special nature that the parties knew, or should have known, that a breach would result in severe mental or emotional distress." *Trimble v. City & County of Denver*, 697 P.2d 716, 731 (Colo. 1985). Colorado considers insurance contracts to be of such a personal and special nature. *See Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1141 (Colo. 1984). With these legal principles in mind, we address USAA's claims under the plain error standard.

Our consideration of USAA's claim that the award is unsupported by the evidence is once again hampered by the lack of an entire transcript. The record we do have contains evidence that USAA knew when Mr. Wolfe applied for the policy at issue it was to replace a pre-existing policy and to provide family support in the event of his death. Thus it was foreseeable that Mrs. Wolfe would sustain both economic and emotional damages as a result of the failure to receive the policy benefits. In addition, the evidence before us is sufficient to support economic and emotional damages in the amount awarded here.

USAA further argues that an award of consequential damages for mental distress under the circumstances here cannot be sustained because the jury rejected Mrs. Wolfe's claim that USAA breached its duty of good faith and fair dealing. As set out above, Colorado law arguably allows such an award absent willful and wanton conduct when a special contract such as one for insurance is breached, and we have discovered no Colorado authority precluding an award in these circumstances. We therefore cannot say that such an award constitutes plain error. *See Davoll v. Webb*, 194 F.3d 1116, 1141 (10th Cir. 1999) (when law unsettled, decision to instruct one way or the other not plain error). To the extent USAA is in essence arguing that the jury verdicts are inconsistent, the argument is waived by the failure to raise it below. In sum, USAA failed to request a jury instruction on consequential damages, failed to object to a special jury verdict

-10-

allowing the jury to award such damages for breach of contract, failed to argue below that the verdicts were inconsistent, and failed to include the entire transcript when arguing on appeal that the award was not supported by the evidence. Given the limited nature of our review in these circumstances, we find no ground for reversal.


**III**

In her cross-appeal, Mrs. Wolfe first argues the district court erred by refusing to instruct the jury that it could consider whether USAA violated the Unfair Claims Settlement Practices Act (UCSPA), COLO. REV. STAT. § 10-3-1104(1)(h) (1999), in assessing her tort claim for bad faith refusal to pay. In so doing, Mrs. Wolfe relies on *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967 (Colo. Ct. App. 1996). There the court stated that "[i]n determining whether an insurer's delay in paying benefits or its denial of benefits was reasonable, the jury may consider evidence that the insurer's conduct violated the UCSPA." *Id.* at 971. However, *Peiffer* is distinguishable. In that case, the plaintiff presented an expert in insurance claims practice who opined that the defendant had violated several provisions of the UCSPA, testifying "to the facts of [the defendant's] conduct in light of the provisions of the UCSPA and applicable industry standards." *Id.* Mrs. Wolfe presented no evidence to show the content of the

-11-

Act's provisions and no testimony that particular conduct violated particular standards. Absent such evidence, the district court did not commit reversible error in refusing the instruction requested by Mrs. Wolfe.

Finally, we turn to Mrs. Wolfe's argument that the district court erred in dismissing the claims of her children upon holding that they were not third party beneficiaries of the insurance contract between her late husband and USAA. Mrs. Wolfe conceded at trial that dismissal of the children's contract claims would not affect the award of damages for breach of contract because separate consequential damages had not been proven for them, and that the only reason to keep the children in the lawsuit was to preserve their tort claims. *See* Aplt. App., vol. II at 247. After the children participated in presenting evidence to support the tort claims, however, the jury resolved them in favor of USAA and found that it had not acted in bad faith in refusing to pay the contract benefits. Under these circumstances, the issue of the propriety of the dismissal of the children's claims is moot.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-12-