566 P.2d 714 (1977)
James DOWNING, Jr., Plaintiff-Appellant,
v.
A. A. LILLIBRIDGE, Defendant-Appellee.
No. 76-394.
Colorado Court of Appeals, Div. I.
April 21, 1977.
Rehearing Denied May 12, 1977.
Certiorari Denied July 25, 1977.
*715 Irvin M. Kent, Denver, George A. Hinshaw, Aurora, Arthur R. Karstaedt, III, Denver, for plaintiff-appellant.
Jack D. Henderson, Denver, for defendant-appellee.
COYTE, Judge.
In this tort action, the plaintiff, James Downing, Jr., appeals the trial court judgment entered on the jury verdict in favor of defendant, A. A. Lillibridge. We affirm the judgment.
Plaintiff alleged that he was injured as a result of defendant's having negligently allowed his dog to run at large. At trial, plaintiff testified that he was operating a "minibike" on a public street in Aurora, Colorado, when defendant's dog escaped from defendant's premises and began to pursue plaintiff and that, as a consequence of this distraction, he lost control of his vehicle, swerved across the thoroughfare, and collided with an unoccupied automobile parked at the curb. Other witnesses testifying on behalf of plaintiff generally corroborated this version of the events.
*716 Defendant presented testimony by a neighborhood resident who stated that she had observed the incident, and that, contrary to plaintiff's assertions, defendant's dog had not attacked nor pursued plaintiff. Rather, according to this witness, the dog remained on the sidewalk in front of defendant's home and at no time entered the street.
Defendant also testified concerning his precautions in confining the animal. He described the fence surrounding his property and the observed habit of the dog of staying within the yard. While he admitted it would be "possible" for the dog to leap over or to tunnel under the fence, he stated that such an occurrence had never to his knowledge taken place.

I
Plaintiff first argues that the trial court erred in refusing to direct a verdict for plaintiff inasmuch as defendant's conduct constituted a violation of the dog "running at large" ordinance and was, therefore, negligence per se. There was no error.
Section 10-5-2 of the Aurora city ordinances, in effect at the time of the incident, provides in pertinent part:
"It shall be unlawful for any owner . . . of any dog to allow such dog to run at large in the City unless such dog is under the reasonable control of such owner. . . ."
A proviso to this section adds in part that, notwithstanding other provisions of the section, a dog "shall be deemed not under reasonable control" when it inflicts injury by any means on a person other than the owner.
In construing statutory language similar to that contained in the ordinance above, the overwhelming majority of courts has held that civil liability for injuries caused by an animal running at large cannot be imposed against the owner of the animal absent a showing of negligence or intentional conduct on the part of the owner in permitting the animal to run at large. See, e. g., Santanello v. Cooper, 106 Ariz. 262, 475 P.2d 246 (1970); Cooper v. Eberly, 211 Kan. 657, 508 P.2d 943 (1973); and see generally, 4 Am.Jur.2d, Animals § 116; Annot., 34 A.L.R.2d 1285. We therefore conclude that the use in the ordinance of the word "allow" evidences a legislative intent to require proof of an owner's negligence as a predicate to recovery in a civil action. See Santanello v. Cooper, supra.
Also, by its terms, the ordinance contemplates a situation in which a dog ostensibly under the owner's control, such as a leashed animal, nevertheless injures another person. Accordingly, that section of the ordinance serves only to preclude the owner's reliance on a specific defense to liability and has no reference to the legal import of the phase "running at large." To interpret the two sections in any other fashion would result in a construction inconsistent with established judicial precedent and would in effect nullify a significant portion of the ordinance. Principles of statutory interpretation require that the ordinance be viewed as a whole so as to give a consistent, harmonious, and sensible effect to all of its parts. Massey v. District Court, 180 Colo. 359, 506 P.2d 128 (1973).
In view of the foregoing analysis, the trial court properly denied plaintiff's motion for a directed verdict. Conflicting evidence was presented with respect to the adequacy of defendant's measures in confining the animal. Under such circumstances, the question of defendant's negligence was correctly submitted to the jury. See Kiefer Concrete, Inc. v. Hoffman, Colo., 562 P.2d 745 (announced March 21, 1977).

II
Plaintiff next contends that the trial court erred in failing to submit to the jury plaintiff's tendered instruction concerning the doctrine of sudden emergency. Although the court did instruct the jury in accordance with Colo. J.I. 9:7, plaintiff asserts that the instruction should have been supplemented by an "explanation" of its bearing on the particular facts of the case. Again, we disagree.
*717 The doctrine of sudden emergency was relevant here only to the matter of plaintiff's possible contributory negligence. The standard instruction sufficiently apprised the jury that if the doctrine were applicable, plaintiff would not be chargeable with negligence. Plaintiff's additional comments in the tendered instruction merely elaborated this basic principle without significantly contributing to the clear statement of the law contained in the instruction as given. Consequently, the tendered instruction was correctly rejected. Stephens v. Koch, Colo., 561 P.2d 333 (announced March 7, 1977).

III
Plaintiff's third assignment of error concerns the offer of proof with respect to the proposed testimony of one Larry Irek. The preferred testimony would have shown that Irek, a meter reader for the Public Service Company, refused to enter defendant's yard when defendant's dog was loose on the premises. The court refused to allow this testimony on the basis that the testimony was not probative of any issue before the court. We agree with that ruling.
The negligence theory of liability upon which plaintiff proceeded did not raise an issue relative to the known vicious propensities of defendant's dog. Cf. Swerdfeger v. Krueger, 145 Colo. 180, 358 P.2d 479 (1960); Barger v. Jimerson, 130 Colo. 459, 276 P.2d 744 (1954). Thus, the testimony adduced for the purpose of proving defendant's knowledge of the animal's vicious propensities could have had no probative value and was properly excluded as immaterial. See People v. Crawford, Colo., 553 P.2d 827 (1976).
If, as plaintiff now asserts in his reply brief, Irek's testimony was offered for the general purpose of impeaching defendant's credibility, the trial court nevertheless properly refused to permit the testimony. Plaintiff failed to show how this testimony would have impeached defendant's testimony or affected his credibility. Absent such a showing of relevancy, the evidence was properly excluded. People v. McKay, Colo., 553 P.2d 380 (1976).
Plaintiff also challenges the correctness of the trial court's rulings on certain instructions pertaining to the matter of damages. As no new trial is ordered, we do not reach these questions.
The judgment is affirmed.
SMITH and VanCISE, JJ., concur.