**Vicky FISHMAN, Plaintiff–Appellant,**

v.

**Nickolas KOTTS and Judith Kotts, Defendants–Appellees.**

**No. 05CA1887.**

Colorado Court of Appeals, Div. II.

Sept. 6, 2007.

Crosse Law Office, P.C., Charles Crosse, Samuel Barfield, Denver, Colorado, for Plaintiff–Appellant.

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TERRY.

Plaintiff, Vicky Fishman, appeals the judgment entered on a jury verdict in favor of defendants, Nickolas and Judith Kotts (the dog owners). We affirm.

Fishman and three companions were riding their horses along a residential street in Weld County. As they approached the dog owners' property, the owners' two dogs began barking at the horses and riders. One of the dogs stopped at the edge of the owners' property, but the other dog ran into the road, got underneath Fishman's horse, and began nipping and biting at the horse's hooves.

Fishman testified at trial that she was an experienced rider, but she was concerned about the dog's safety and worried that he was upsetting her horse. According to Fishman and other witnesses, she leaned over her horse and was urging the dog to "go home" when her horse reared up and fell on top of Fishman, causing her severe injuries.

Fishman filed this action against the dog owners alleging, as relevant here, strict liability, negligence per se, and negligence. At trial, she contended that the owners had violated a Weld County animal control ordinance and that such a violation constituted negligence per se. Although the trial court permitted Fishman's counsel to refer to the ordinance during his closing argument and to argue that the owners had violated it by not restraining their dogs, the court did not instruct the jury that the owners' failure to comply with the ordinance was negligence per se.

The jury returned a verdict in favor of the owners, and the trial court entered judgment on the verdict.

## I.

■ Fishman contends, in essence, that the trial court erred when it did not instruct the jury that the owners' violation of the ordinance constituted negligence per se. We disagree.

■ We review a district court's rejection of a party's tendered instructions for an abuse of discretion. *Vista Resorts, Inc. v.*

*Goodyear Tire & Rubber Co.,* 117 P.3d 60, 70 (Colo.App.2004).

■ Negligence per se is shown when a defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury. *Scott v. Matlack, Inc.,* 39 P.3d 1160, 1166 (Colo.2002). A plaintiff seeking to recover under the doctrine of negligence per se must show that he or she is a member of the class the statute was intended to protect and that the injuries suffered were of the kind the statute was enacted to prevent. *Largo Corp. v. Crespin,* 727 P.2d 1098, 1107–08 (Colo.1986).

As pertinent here, the Weld County ordinance at issue provides:

A. It is unlawful for the owner or any person having custody of any dog to allow, suffer, permit or sanction the running at-large of said dog without the accompaniment of said owner or person having custody of the dog. . . .

B. dog shall be deemed to be running at-large when off or away from the premises of its owner and not under the control of such owner.

Weld County Code § 14–4–20.

In *Downing v. Lillibridge,* 39 Colo.App. 231, 233, 566 P.2d 714, 716 (1977), a division of this court addressed a similar ordinance which provided, as relevant here: "It shall be unlawful for any owner . . . of any dog to allow such dog to run at large in the City unless such dog is under the reasonable control of such owner." The division held that violation of the ordinance did not constitute negligence per se. *Downing, supra,* 39 Colo. App. at 233, 566 P.2d at 716.

The division's ruling in *Downing* hinged on aspects of the ordinance that are also present in the Weld County ordinance. Both ordinances would permit owners to let their dogs run, provided they were under the owner's control. The division in *Downing* concluded that before civil liability could be imposed on the dog's owner, the plaintiff had to prove the owner was negligent. *Downing, supra,* 39 Colo.App. at 233, 566 P.2d at 716.

As the Arizona Supreme Court explained in *Santanello v. Cooper,* 106 Ariz. 262, 265–66, 475 P.2d 246, 249–50 (1970):

In those instances where statutes attempt to deal with animals at large by providing ... "that the owner shall not 'permit,' 'allow,' or 'suffer' his animals to run at large, the courts have generally held, or recognized, that statutes of this type are not violated in the absence of at least negligence by the owner of the animals."

. . . .

The word "allow" means to approve of, to sanction, to permit, to acknowledge. So defined, "allow" requires some degree of knowledge, either actual or constructive, on the part of the dog owner that his dog is at large; therefore, its use in the ordinance negates any intention to create strict liability for violation of the ordinance. *We hold that in order for there to be civil liability for violation of this ordinance it must be established that a person coming within the scope of the ordinance intentionally or negligently allowed a dog covered by the ordinance to run at large in violation of the ordinance.*

(Citations omitted; emphasis added.)

Other courts have reached the same conclusion. *See Alvarez v. Ketchikan Gateway Borough,* 91 P.3d 289, 292 (Alaska Ct.App. 2004) ("The verbs 'permit' and 'allow' are commonly understood to imply some volition on the part of the actor. And other jurisdictions having similar—laws laws providing that the owner of an animal shall not 'permit,' 'allow' or 'suffer' the animal to run at large—require proof of at least negligence."); *Slack v. Villari,* 59 Md.App. 462, 476 A.2d 227, 232 (1984) ("There is no indication that [the dog's owner] knew the dog was going out of bounds, or that she 'allowed' him to leave the premises. The mere accidental escape of an animal, without proof of the owner's knowledge or negligence, is insufficient evidence to constitute a violation of [a statute providing that dog owners shall not 'allow' dogs to run at large].*"); see also* John A. Glenn, Annotation, *Dog Owner's Liability for Damages from Motor Vehicle Accident Involving Attempt to Avoid Collision with Dog on Highway,* 41 A.L.R.3d 888 (1972).

Fishman's reliance on *Lui v. Barnhart,* 987 P.2d 942 (Colo.App.1999), is misplaced. There, a horse escaped from a corral and collided with a vehicle. A division of this court held that the violation of a Greenwood Village municipal ordinance constituted negligence per se because it provided: "No person owning or keeping any animal, other than an ordinary domesticated house cat, *shall fail to keep said animal on the premises* of the owner or keeper unless the animal is ... [o]n a leash ... or [w]ithin a vehicle, or similarly confined...." *Lui, supra,* 987 P.2d at 944 (emphasis added). Thus, the Greenwood Village ordinance permitted owners to let their animals run loose *only* on the owner's premises. It did not contain an exception for animals under the owner's control, as does the ordinance at issue here.

We therefore conclude the trial court did not err by not instructing the jury that the violation of the Weld County ordinance constituted negligence per se.

## II.

■ We also reject Fishman's contention that the trial court abused its discretion in instructing the jury on the liability of dog owners.

■ We review jury instructions de novo to determine whether the instructions as a whole accurately informed the jury of the governing law. A trial court's decision to give a particular jury instruction is reviewed for abuse of discretion. *See Garcia v. Wal-Mart Stores, Inc.,* 209 F.3d 1170, 1173 (10th Cir.2000); *Woznicki v. Musick,* 119 P.3d 567, 573 (Colo.App.2005); *Williams v. Chrysler Ins. Co.,* 928 P.2d 1375, 1377 (Colo.App.1996).

When instructing a jury in a civil case, the trial court shall generally use those instructions contained in the Colorado Jury Instructions (CJI–Civ.) that apply to the evidence under the prevailing law. C.R.C.P. 51.1(1); *Vista Resorts v. Goodyear Tire & Rubber Co., supra,* 117 P.3d at 70.

Here, the trial court gave the jury CJI–Civ. 13:1, which provides:

For the plaintiff ... to recover from the defendant ... [the jury] must find all the following have been proved by a preponderance of the evidence:

(1) The defendant ... kept ... a [breed of animal];

(2) The [animal] had vicious or dangerous tendencies;

(3) The defendant knew or had notice that the [animal] had vicious or dangerous tendencies;

(4) The defendant was negligent in that [he] did not use reasonable care to prevent injuries or damages that could have reasonably been anticipated to be caused by the dangerous or destructive tendencies of the [animal];

(5) The plaintiff had [injuries]; and

(6) The [defendant's negligence was or the vicious or dangerous tendencies of the animal were] a cause of the plaintiff's[injuries].

CJI–Civ. 4th 13:1 (2006); *see Sandoval v. Birx*, 767 P.2d 759, 761 (Colo.App.1988); *Dubois v. Myers*, 684 P.2d 940, 942 (Colo.App. 1984); Restatement (Second) of Torts §§ 290, 438 (1965).

Fishman relies on a comment to the Restatement (Second) of Torts § 290 suggesting that where an injury is caused by an at-large dog frightening a horse, knowledge that such a dog might frighten a horse is presumed as a matter of law. However, we find no support for such a presumption in § 290 or the comments to that section, and such a presumption would obviate the requirement in Colorado that a plaintiff prove the defendant had knowledge of an animal's vicious or dangerous tendencies before liability can attach. *Sandoval v. Birx, supra*, 767 P.2d at 761; *Dubois v. Myers, supra*, 684 P.2d at 942.

Fishman also contends instruction 13:1 was inapplicable because her injuries were caused by a dog running at large and not by his viciousness. However, viciousness is not a requirement under the instruction. It also applies to injuries caused by domestic animals with dangerous or destructive tendencies, and running underneath a horse and rider can be a dangerous tendency. We therefore conclude the trial court did not abuse its discretion by giving the standard instruction.

III.

Fishman next contends the trial court erred in denying her motion for a directed verdict on the issue of negligence. Again we disagree.

Because the issue is one of law, we review the trial court's ruling de novo. *Denny Constr., Inc. v. City & County of Denver*, 170 P.3d 733, 738 (2007).

A motion for a directed verdict should not be granted unless the evidence compels the conclusion that reasonable jurors could not disagree, and no evidence (or inference therefrom) has been received at trial upon which a verdict against the moving party could be sustained. The trial court must view the evidence in the light most favorable to the nonmoving party. *Fair v. Red Lion Inn*, 943 P.2d 431, 436 (Colo.1997).

The dog owners both testified and denied knowledge of any vicious, dangerous, or destructive tendencies on the part of their dogs. They further testified that the dog that ran into the road is a very small, old, and gentle dog; that to their knowledge he had never left the yard before without permission; and that neither dog was in the habit of running into the road.

On the date of the incident, the owners said they were relaxing at home. Judith Kotts went inside for a nap. Nickolas Kotts testified that he and his wife have a dog pen which they generally use when they leave the premises, but on that day he was outside with the dogs. He said he decided to join his wife, and went inside to read in the bedroom. He stated that the dogs were sleeping peacefully on the back porch, and so he left them there and did not learn about the incident with Fishman until someone rang his doorbell a few minutes later.

We conclude this evidence created a factual question whether the owners' conduct in not bringing their dogs inside the house, confining them in their pen, or otherwise restraining them, was negligent. Hence, the trial court did not err in denying Fishman's motion for a directed verdict on the issue of negligence.

## IV.

Fishman next contends the owners' dog violated the worrying stock statute, § 35–43–126, C.R.S.2006, that the violation constituted negligence per se, and that the trial court erred in ruling otherwise. We conclude the worrying stock statute is inapplicable.

When reviewing a statute, we first consider the statutory language and give words their plain and ordinary meaning. If the meaning of a statute is unambiguous, we need not resort to interpretive rules of statutory construction. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.*, 3 P.3d 30, 35 (Colo.2000).

Section 35–43–126 states: "Any dog found running, worrying, or injuring sheep, cattle, or other livestock may be killed, and the owner or harborer of such dog shall be liable for all damages done by it." The statute was enacted to protect "sheep, cattle, or other livestock" from dogs found "running, worrying, or injuring" them. *See Failing v. People*, 105 Colo. 399, 401, 98 P.2d 865, 866 (1940).

Assuming without deciding that Fishman's horse would qualify as "livestock," *see, e.g.*, § 35–41–100.3(5), C.R.S.2006, we conclude the trial court did not err in declining to instruct the jury under § 35–43–126. Fishman is not claiming that the dog injured her horse. She is seeking damages for her own injuries, and there is no indication in the statutory language or the case law construing it that the General Assembly enacted the worrying stock statute as a means of compensating plaintiffs for their own personal injuries. We thus conclude the worrying stock statute affords Fishman no relief.

Given our conclusion, we need not address Fishman's related argument that the trial court erred in disallowing expert testimony about the statute.

Judgment affirmed.

Judge ROTHENBERG and Judge LOEB, concur.