The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 8, 2018

**2018COA35**

**No. 17CA0292, White v. Estate of Soto-Lerma — Probate — Limitations on Presentation of Claims — Nonclaim Statute — Damages — Prejudgment Interest — Attorney Fees — Offer of Settlement — Costs**

In this proceeding, a division of the court of appeals considers whether Colorado's nonclaim statute, section 15-12-803(3)(b), C.R.S. 2017, prevents a plaintiff from recovering prejudgment interest and costs above the limit of a liability insurance policy, when the action was filed after expiration of the statutory period for presentation of claims. The division also evaluates whether the policy limit caps the plaintiff's recovery even where a jury awards damages in excess of a statutory offer of settlement.

Because prejudgment interest is a form of compensatory damages, the division concludes that an award of such damages beyond the insurance policy limit is barred. And because section

15-12-803 bars "all [untimely] claims" against an estate, with the exception of claims "[t]o the limits of the insurance protection only," § 15-12-803(3)(b), the division concludes that any untimely filed claim and resulting judgment in excess of policy limits is also barred.

The division finally concludes that the nonclaim statute precludes an award of costs to be entered based on a jury award in excess of a statutory settlement offer for policy limits under section 13-17-202(1)(a)(I), C.R.S. 2017.

Court of Appeals No. 17CA0292
Arapahoe County District Court No. 15CV32971
Honorable Phillip L. Douglass, Judge

Fannie S. White,

Plaintiff-Appellee and Cross-Appellant,

v.

Estate of Julian Soto-Lerma, deceased,

Defendant-Appellant and Cross-Appellee.

## JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE TERRY
Loeb, C.J., and Webb, J., concur

Announced March 8, 2018

Bosen Law, LLC, Stephen A. Justino, Denver, Colorado; Ronald R. Way, P.C., Ronald R. Way, Englewood, Colorado; Wilcox Law Firm, LLC, Ronald L. Wilcox, Denver, Colorado, for Plaintiff-Appellee and Cross-Appellant

Senter Goldfarb & Rice, LLC, Arthur J. Kutzer, Denver, Colorado, for Defendant-Appellant and Cross-Appellee

Ogborn Mihm, LLP, Thomas D. Neville, Denver, Colorado; The Gold Law Firm, LLC, Michael J. Rosenberg, Greenwood Village, Colorado, for Amicus Curiae Colorado Trial Lawyers Association

¶ 1       In a suit against a decedent's estate, does the nonclaim

statute, section 15-12-803(3)(b), C.R.S. 2017, allow a plaintiff to

recover a judgment for prejudgment interest and costs above the

limit of a liability insurance policy, even though the action was filed

after expiration of the statutory period for presentation of claims?

Under the circumstances of this case, we conclude that the answer

to this question is "no."  And under these facts, we also conclude

that the policy limit caps the plaintiff's recovery even where a jury

awards damages in excess of a statutory offer of settlement.

¶ 2       Defendant, the Estate of Julian Soto-Lerma, appeals and

plaintiff, Fannie S. White, cross-appeals the trial court's judgment

awarding plaintiff damages in a negligence action.  We reverse the

judgment and remand for the trial court to reduce the amount of

damages awarded to conform to the applicable policy limits, and to

eliminate the award of costs.

## I.  Background

¶ 3       Plaintiff's claim arose from a car accident that occurred about

a year before decedent died from unrelated causes.  More than two

years after decedent's death, plaintiff filed suit, asserting that

decedent had been negligent.  Decedent's estate consisted solely of

his automobile insurance policy, which had a policy limit of $50,000 per person injured in an automobile accident.

¶ 4     Defendant rejected plaintiff's pretrial statutory offer of settlement for the insurance policy limit of $50,000.  The case proceeded to trial, and the jury returned a verdict in plaintiff's favor, awarding $100,000 in damages.  The court reduced the jury's award of damages to $50,000, consistent with plaintiff's representation at trial that she was only seeking damages in the amount of the insurance policy limit.  Nevertheless, the court ultimately entered judgment for $79,218, which included $50,000 in damages, $11,600 in costs, and $17,618 in prejudgment interest.

¶ 5     Defendant appeals the award of prejudgment interest and costs under section 15-12-803(3).  Plaintiff cross-appeals, arguing that the trial court should have entered judgment in the entire amount of the jury's verdict.

## II.  Standard of Review

¶ 6     We review statutory provisions de novo.  *Shelby Res., LLC v. Wells Fargo Bank*, 160 P.3d 387, 389 (Colo. App. 2007).  In interpreting a statute, our primary goals are to discern and give effect to the General Assembly's intent.  *Krol v. CF & I Steel*, 2013

COA 32, ¶ 15. We look first to the statutory language, giving the words and phrases used therein their plain and ordinary meanings. *Id.* We read the language in the dual contexts of the statute as a whole and the comprehensive statutory scheme, giving consistent, harmonious, and sensible effect to all of the statute's language. *Id.* After doing this, if we determine that the statute is not ambiguous, we enforce it as written and do not resort to other rules of statutory construction. *Id.*

### III. Award of Prejudgment Interest

¶ 7 Defendant first contends that the trial court erred in awarding plaintiff prejudgment interest on the $50,000 damages award. We agree.

¶ 8 Defendant relies on section 15-12-803(1)(a), which bars "[a]ll claims against a decedent's estate that arose before the death of the decedent" and were not presented within a specified timeframe. It is undisputed that plaintiff's claim was not presented within the statutory timeframe. Subsection (3)(b) provides that nothing in section 15-12-803 "affects or prevents[,] . . . [t]o the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is

protected by liability insurance." Therefore, the statute bars untimely liability claims against a decedent's estate that exceed the limits of a relevant insurance policy.

¶ 9    That statute conflicts with section 13-21-101(1), C.R.S. 2017, which provides that when a plaintiff requests prejudgment interest, "it is the duty of the court in entering judgment for the plaintiff" to add a properly calculated amount of prejudgment interest to the amount of damages. To resolve this conflict, we must consider whether prejudgment interest is part of the underlying liability claim against a decedent's estate, and is therefore subject to insurance policy limits and section 15-12-803(3)(b)'s bar on claims above policy limits.

¶ 10    We conclude that section 15-12-803 acts as a bar against an award of prejudgment interest above defendant's $50,000 insurance policy limit. The supreme court has held that because such interest is "awarded to compensate the plaintiff for the time value of the award eventually obtained against the tortfeasor," *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 19 (Colo. 1990), "[p]rejudgment interest in a personal injury case is an element of compensatory damages . . . subject to relevant coverage limits in the defendant's

4

insurance policy." *Old Republic Ins. Co. v. Ross*, 180 P.3d 427, 437 (Colo. 2008); *cf. Marso v. Homeowners Realty, Inc.*, 2018 COA 15, ¶ 43 ("A statutory cap reflects a legislative policy that, despite the fact that a claimant suffers a particular amount of damages, other public policies justify the existence of a cap such that the injured party will not recover the full amount of the suffered damages.").

¶ 11     In *Starke*, 797 P.2d at 17, the insurance policy's "additional payments" clause provided that the insurer would pay "*all interest on any judgment* entered in such suit until [insurer] has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of [insurer's] liability thereon." The supreme court concluded that the additional payments clause did not require the insurer to pay prejudgment interest beyond the policy limit. The court explained that for the insurer to pay "all interest on any judgment entered," there had to first be a judgment, and "[i]nterest accruing *before* entry of judgment is not interest *on* a judgment." *Id.* at 16, 18.

¶ 12     The "additional payments" section of defendant's policy provides that the insurer will pay "interest accruing on a judgment entered against you," indicating that the insurer will only pay —

beyond the policy limit — postjudgment interest accruing on a judgment that has already been entered.  *See id.*

¶ 13    Accordingly, we conclude that the award of prejudgment interest sought by plaintiff was a form of compensatory damages subject to the $50,000 insurance policy limit.  *See Old Republic,* 180 P.3d at 437.  Because plaintiff could not recover prejudgment interest beyond the policy limit, the trial court's award of $17,617.81 in prejudgment interest was prohibited by section 15-12-803(3)(b).

IV.  Entry of Judgment Exceeding Policy Limits

¶ 14    Plaintiff cross-appeals the trial court's judgment, arguing that the court should have entered judgment for the entire $100,000 in damages awarded by the jury, plus corresponding costs and prejudgment interest.  Plaintiff argues that, regardless of whether she could collect the judgment from defendant's insurance company under section 15-12-803, judgment in excess of policy limits was still proper in order to leave open the possibility that plaintiff could be assigned the right to bring a bad faith claim against defendant's insurer.  We disagree.

¶ 15    Section 15-12-803(1)(a) bars "[a]ll claims" against a decedent's estate that arose before the decedent's death and were not presented within a specified timeframe. Section 15-12-803(3)(b) exempts from the statutory time bar liability claims covered by insurance "[t]o the limits of the insurance protection only." We conclude that the application of section 15-12-803 to the issue of an excess judgment is straightforward. Any liability claim, and therefore any resulting judgment, in excess of policy limits is barred.

¶ 16    We acknowledge that in *Nunn v. Mid-Century Insurance Co.*, 244 P.3d 116, 121-22 (Colo. 2010), the supreme court adopted "the judgment rule," recognizing a judgment exceeding policy limits as sufficient proof of damages in an insurer bad faith suit, even when an insured has no assets. The court reasoned that "an insured's ability to pay a judgment should not determine whether the insurer can be held liable for its bad faith conduct toward its insured." Thus, by holding that section 15-12-803 is a statutory bar against excess judgments above policy limits, we may be precluding bad faith claims against insurers when an insurance policy is the only asset of a decedent's estate. But because the statutory language in

section 15-12-803 barring untimely liability claims in excess of insurance policy limits is clear and unambiguous, we must enforce the statute as written. *See Krol*, ¶ 15.

¶ 17 Accordingly, we conclude that the trial court did not err when it entered judgment for compensatory damages equal to the $50,000 policy limit, despite the jury's award of $100,000.

## V. Statutory Award of Plaintiff's Costs

¶ 18 Defendant also contends that the trial court erred when it included plaintiff's costs of $11,600.41 in the final judgment. Defendant argues that such an award of costs ignores the bar on claims in excess of insurance policy limits established by section 15-12-803(3)(b). We agree.

¶ 19 In support of including costs in the final judgment, plaintiff cites section 13-17-202(1)(a)(I), C.R.S. 2017, which was enacted with the "intent of encouraging settlement of cases in order to both reduce the costs of litigation and expedite relief to victims." *Centric-Jones Co. v. Hufnagel*, 848 P.2d 942, 956 (Colo. 1993). Section 13-17-202(1)(a)(I) provides that a "plaintiff shall be awarded actual costs accruing after the offer of settlement," if the plaintiff "serves an offer of settlement in writing at any time more than fourteen

8

days before the commencement of the trial that is rejected by the defendant, and the plaintiff recovers a *final judgment* in excess of the amount offered." (Emphasis added.)

¶ 20 Plaintiff made a statutory settlement offer of $50,000 in accordance with section 13-17-202(1)(a)(I), and the offer was not accepted by defendant. The jury then awarded plaintiff $100,000 in damages, which was in excess of the settlement offer.

¶ 21 But section 13-17-202(1)(a)(I) specifies that a plaintiff shall be awarded costs only if the "final judgment" exceeds the settlement offer. Section 13-17-202 does not define "final judgment." *Novak v. Craven*, 195 P.3d 1115, 1121 (Colo. App. 2008). The term "final judgment" "has acquired a particular meaning under our case law and court rules. Under our case law, a 'final judgment' is one which 'disposes of the entire litigation on the merits.'" *Id.* (quoting *Hierath-Prout v. Bradley*, 982 P.2d 329, 330 (Colo. App. 1999)).

¶ 22 The jury's $100,000 award was not a final judgment ending the litigation on its merits because, as we discussed in Parts III and IV above, section 15-12-803(3)(b)'s limit on claims in excess of the insurance policy barred the court from entering a final judgment greater than the $50,000 policy limit, even including prejudgment

interest. Therefore, given that the final judgment did not and could not exceed the $50,000 policy limit — which was also the amount of the settlement offer — plaintiff was not entitled to costs under section 13-17-202, and the trial court erred when it entered a judgment for costs above the $50,000 policy limit. Because on appeal plaintiff argued for costs only under section 13-17-202, we express no opinion on how the limitation in section 15-12-803(3)(b) would affect costs recoverable under any other statute or court rule.

## VI.  Conclusion

¶ 23     We reverse the judgment and remand to the trial court to enter judgment for plaintiff in the amount of $50,000.

CHIEF JUDGE LOEB and JUDGE WEBB concur.